IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR386 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MILTON SAUL, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————— | ) | |

This matter is before the court on the defendant's objection, Filing No. 41, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 40, concerning the defendant's motion to suppress statements made during a custodial interrogation. Filing No. 19.  The Indictment charges defendant under 18 U.S.C. § 2242(2)(A)(B), and 18 U.S.C. § 1153 with knowingly engaging in and attempting to engage in a sexual act with an Indian female while she was incapable of appraising the nature of the conduct and physically incapable of declining participation in and communicating an unwillingness to engage in a sexual act.  Filing No. 1.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the findings and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has conducted a de novo review of the record and exhibits, including the transcripts of the suppression hearings. Filing Nos. 33 and 40, Transcript ("Tr."); Filing No. 36, List of Hearing Exhibits ("Ex.") 1-4. The court agrees with the magistrate judge's recitation of the facts and of the law.  The court finds the defendant's objections to the F&R should be overruled and the defendant's motion to suppress granted in part and denied in part.

**FACTS**

At approximately 9:30 p.m. on September 10, 2009, a Nebraska State Trooper stopped a speeding vehicle. The defendant was a passenger in this vehicle. Tr. 5:2-4. The trooper arrested the defendant for giving a false name and for having an open container of alcohol in the car. Tr. 24:22-24. The trooper testified that at the time of the traffic stop there was a slight smell of alcohol coming from the defendant.[1] The trooper also testified that the defendant could walk without assistance, could follow a conversation, and could talk without slurring his speech. Tr. 6:25, 7:1-4, 7:19-24. The video recording of the traffic stop supports the trooper's testimony. Filing No. 36, Ex. 1. The trooper then drove the defendant to the police station, which was about an hour away from the scene of the traffic stop. Tr. 11:20-21, 27:25, 28:1-7. During the traffic stop, the trooper recognized the defendant as a suspect the Federal Bureau of Investigations ("FBI") was looking for with regard to a sexual assault case.[2] Tr. 20:22-25, 21:1-6, 47:21-25, 48:1-23. As a result, the trooper contacted the FBI agent assigned to investigate the sexual assault case to inform the agent that the defendant was in custody. Tr. 8:8-10, 49:13-22.

FBI Agent Jeff Howard's testimony is summarized as follows. The FBI agent arrived at the police station a little before 1:00 a.m., on September 11, 2009. Tr. 50:7-8. The defendant walked from his cell to the interview room on his own accord and without assistance. Tr. 51:13-19. The trooper and the agent waited for the defendant in the

---

[1]The defendant told the trooper that he had consumed between four to five cans of beer that night. Filing No. 36, Ex. 4, 21:48:47. The defendant later told other officers that, when he drinks alcohol, he usually drinks about twelve cans of beer in one sitting. Filing No. 36, Ex. 4, 22:46:20.

[2]The FBI agent gave the trooper a picture of the defendant to keep in the trooper's patrol car. Tr. 6:3-7.

interview room; neither of them could smell any alcohol on the defendant's breath.  Tr. 46:15-21, 52:5-6.  Nothing led the agent to believe that the defendant was confused or under the influence of drugs or alcohol.  Tr. 52:1-4, 52:23-24, 54:13-19.  The agent did not ask the defendant any questions, other than his name, prior to reading the defendant his *Miranda*[3] rights.  Tr. 52:7-11.  The agent never threatened the defendant.  Tr. 53:12-14.  The agent never made any promises to the defendant.  Tr. 15-17.  The defendant never asked for a lawyer or for the interview to end.   Tr. 16:14-15, 16:22-25, 53:7-11.  Additionally, the defendant told officers at the police station prior to the interview that he had previously been in jail for seven months.  Filing No. 36, Ex. 4, video at 22:28:35 minutes.

## DISCUSSION

Defendant argues in his motion to suppress that he made incriminating statements during a custodial interrogation after the government obtained an invalid waiver of his *Miranda* rights.  Filing No. 19.  Defendant contends that he did not make a knowing, intelligent, and voluntary waiver of his *Miranda* rights because alcohol caused his will to be overborne and critically impaired his capacity for self-determination when he signed a *Miranda* Advice of Rights form, Filing No. 36, Ex. 2,  prior to questioning.  Filing No. 20.

After a hearing on defendant's motion to suppress, the magistrate judge recommended that defendant's motion to suppress be granted in part and denied in part.  Filing No. 38.  First, the magistrate judge found that any statements the defendant made during the drive to the police station prior to the defendant signing the Advice of Rights

---

[3]*Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

form inadmissible, because such statements violated the defendant's *Miranda* rights. The magistrate judge found that the trooper deliberately elicited incriminating statements from the defendant regarding false reporting without giving the defendant prior notice of his *Miranda* rights. As a result, the magistrate judge granted the defendant's motion to suppress these statements. Second, the magistrate judge found that the defendant waived his *Miranda* rights voluntarily, knowingly, and intelligently by signing the Advice of Rights form so that any subsequent statement the defendant made need not be suppressed. The magistrate judge found that the defendant, although he had consumed alcohol, was not intoxicated so that the alcohol overbore his will at the time he signed the Advice of Rights form. Filing No. 40, F&R Transcript 14:7-2.

The defendant objects to the magistrate judge's findings and recommendation that all statements the defendant made after he signed the Advice of Rights form were voluntary. Filing No. 41. The defendant argues that the magistrate judge misapplied the law to the facts of the case. Filing No. 42. The defendant contends that his intoxication level should heavily influence the legitimacy of the waiver and the overall voluntariness of the statements he made. Filing No. 42. The government argues that the defendant made voluntary statements, because the defendant was not intoxicated when he made those statements. Filing No. 43. Even if alcohol was present in the defendant's system, the government argues that the level of alcohol in the defendant's system did not rise to a level that impacted the defendant's ability to waive his rights. Filing No. 43.

A court must look to the totality of the circumstances to determine whether statements made during a custodial interrogation are voluntary. *United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004)*. Factors relating to an individual defendant that a court

must consider when determining the voluntariness of a statement include the following: (1) his or her age; (2) his or her general intelligence and education; (3) whether he or she was intoxicated or under influence of drugs; (4) his or her knowledge of the right to withhold consent; and (5) his or her awareness of protections the legal system offers criminal suspects, including his or her *Miranda* rights. *United States v. Bradley*, 234 F.3d 363, 366 (8th Cir. 2000). Although intoxication is a factor, its presence does not automatically render a confession involuntary. *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008); *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990). Intoxication renders a confession involuntary only if it causes the defendant's will to be overborne. *Howard*, 532 F.3d at 763; *Casal*, 915 F.2d at 1229. Speaking coherently and in a manner indicating an understanding with what is happening suggests lack of intoxication. *See Howard*, 532 F.3d at 763 (district court's suppression of evidence not clearly erroneous). Additionally, a court may presume that a defendant knows his legal rights if the defendant has been arrested on a prior occasion. *Bradley*, 234 F.3d at 366.

Even though the evidence suggests that the defendant consumed alcohol prior to signing the Advice of Rights forms, the court agrees with the magistrate judge that nothing suggests the alcohol caused the defendant to make involuntary statements. *Howard*, 532 F.3d at 763; *Casal*, 915 F.2d at 1229. Defendant stated that he consumed only about a third of what he said he normally consumes in one sitting, and he did not drink for at least four and a half hours during the time between when the traffic stop occurred and when he signed the Advice of Rights form. Neither the Nebraska State Trooper nor the FBI agent involved in the defendant's questioning could smell alcohol on the defendant's breath prior to him signing the form. Additionally, the evidence suggests that the defendant could walk

without assistance, could speak coherently without slurring his words, and could follow a conversation. Finally, the defendant's prior arrest suggests that he knew his legal rights and was aware of the protections the legal system affords him. The totality of the circumstances suggests that the defendant voluntarily waived his *Miranda* rights. Accordingly, the defendant's motion to suppress is denied as to statements made following the signing of the Advice of Rights form.

THEREFORE, IT IS ORDERED:

1.  The defendant's objection to the magistrate judge's findings and recommendation, Filing No. 41, is overruled;

2.  The defendant's motion to suppress, Filing No. 19, is granted in part and denied in part as set forth herein; and

3.  The findings and recommendation of the magistrate judge, Filing No. 38, is adopted in its entirety.

DATED this 2nd day of July, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.